IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| SEMCRUDE L.P., ET AL., | ) Bk. No. 08-11525 (BLS) |
| | ) |
| Debtors. | ) |
| | ) |
| | ) |
| COTTONWOOD PARTNERSHIP, LLP, | ) |
| ET AL., | ) |
| | ) |
| Appellants, | ) |
| | ) |
| v. | ) Civ. No. 11-1174-SLR |
| | ) |
| THOMAS L. KIVISTO, ET AL., | ) |
| | ) |
| Appellees. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 12th day of March, 2013;

IT IS ORDERED, for the reasons discussed below, that appellee Thomas L. Kivisto's ("Kivisto's") motion for rehearing (D.I. 21) is denied:

1. **Background.** On July 22, 2008, SemGroup L.P. and its affiliated debtors (collectively, "SemGroup") filed a chapter 11 petition in the United States Bankruptcy Court for the District of Delaware ("bankruptcy court"). (B.D.[1] 1) On October 28, 2009, the bankruptcy court entered an order ("confirmation order") confirming debtors' fourth amended joint plan ("confirmed plan") of affiliated debtors pursuant to chapter 11 of the Bankruptcy Code, which established a litigation trust ("the Trust") to pursue and settle claims of SemGroup. (D.I. 10 at CW 64 ¶ 40, CW 1272 ¶ 11.1, CW 1293 ¶ 20.7) On

---

[1] References the bankruptcy court docket.

February 17, 2009, an appointed committee of the debtors' unsecured creditors ("the Committee")[2] filed suit in bankruptcy court against Kivisto, former CEO of SemGroup L.P., and certain other parties. (*Id.* at CW 776-838)

2. On December 22, 2010, Cottonwood Partnership, L.L.P.; Dunbar Family Parnership, L.P.; Rosen Family, L.L.C.; Warren F. Kruger; Katherine A. Kruger; David S. Kruger; and Kathryn E. Shelley (collectively, "appellants") filed suit against Kivisto, PriceWaterhouseCoopers LLC ("PWC"), and John Does 1-25 in the Tulsa County District Court in Oklahoma (the "Oklahoma litigation"). (*Id.* at CW 430-60) Each appellant formerly held limited partnership units in SemGroup. On the theory that the defendants in the Oklahoma litigation owed duties to appellants individually, appellants sought monetary damages from PWC for professional negligence and violation of the Oklahoma Accountancy Act, and from Kivisto for negligent misrepresentation, fraud, and breach of fiduciary duty. (*Id.*)

3. On May 4, 2011, Kivisto filed an emergency motion ("motion to enjoin") in the bankruptcy court to enforce the provisions of the order confirming the debtors' fourth amended joint plan and to enforce the provisions of the confirmed plan and other relief. (*Id.* at CW 1-363) The Trust and SemGroup joined Kivisto in the motion to enjoin. (*Id.* at CW 364-68) The Trust averred that the claims asserted by appellants are derivative claims that belong to the Trust and, pursuant to the confirmed plan and confirmation order, cannot not be brought by any other party. (*Id.*) The bankruptcy court entered an

---

[2] On December 16, 2009, after the confirmed plan became effective, the bankruptcy court entered an order approving the substitution of the Trust for the Committee as plaintiff. (D.I. 1-1 at 2; D.I. 18 at TKA 96)

2

opinion and order dated October 7, 2011, granting the motion to enjoin. (D.I. 1-1; D.I. 1-2) The bankruptcy court found that it has subject matter jurisdiction, the matter is a core proceeding, and the claims in appellants' Oklahoma litigation are derivative causes of action alleging injury to SemGroup in its corporate capacity. (D.I. 1-1) Appellants filed their notice of appeal from the bankruptcy court's opinion and order on October 21, 2011. (D.I. 1)

4. On November 15, 2012, this court issued a memorandum order that, inter alia, affirmed the finding by the bankruptcy court that appellants' claims against PWC are derivative and reversed and remanded the bankruptcy court's finding that appellants' claims against Kivisto are derivative. (D.I. 20)

5. **Standard of review on motion for rehearing.** Rule 8015 of the Federal Rules of Bankruptcy Procedure authorizes motions for rehearing filed within 10 days after the entry of a bankruptcy court judgment. While the Third Circuit has not definitively articulated a standard for when rehearing under Rule 8015 should be granted, this court has adopted the standard used to evaluate motions for reconsideration. See In re New Century TRS Holdings, Inc., Civ. No. 08-546, 2009 WL 1833875, at *1 (D. Del. June 26, 2009). The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a motion for rehearing should only be granted if: "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented . . . by the parties; (3) the court has made an error not of reasoning but of apprehension; or (4) there has been a controlling or significant change in the law or

3

facts since the submission of the issue to the Court." See *In re New Century TRS Holdings, Inc.*, 2009 WL 1833875, at *1 (internal quotation marks omitted).

6. **Discussion.** Relevant to the instant motion, this court's memorandum order reversed and remanded the bankruptcy court's finding that the fraud, negligent misrepresentation, and fiduciary duty claims against Kivisto are derivative. (D.I. 20 at 12-14) In his motion for rehearing, Kivisto points to the bankruptcy court's conclusion that "the injury suffered by the Oklahoma Plaintiffs is no different from the injury suffered by SemCrude as a result of Kivisto's wrongful conduct. Indeed, the Oklahoma Plaintiffs' alleged loss of capital went hand-in-hand with the titanic losses that SemCrude suffered in the run-up to its bankruptcy filing." *In re SemCrude, L.P.*, Civ. No. 08-11525, 2011 WL 4711891, at *7 (Bank. Del. Oct. 7, 2011). Kivisto asserts that the bankruptcy court's conclusion was a factual finding and does not present a mixed question of law and fact. As such, he asserts that this court erred in evaluating the injury under a plenary standard rather than a clearly erroneous standard. (D.I. 21 at 3-4)

7. "Whether an action is characterized as direct or derivative is a question of state law," in this case Oklahoma law. *In re Touch Am. Holdings, Inc.*, 401 B.R. 107, 121 n.26 (Bank. Del. 2009). The Third Circuit has "exercise[d] plenary review of [a] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts." *Mellon Bank, N.A. v. Metro Commc'ns, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (citation omitted) (internal quotation marks omitted). In *Mellon Bank*, although the trial court made a factual finding regarding when an office was relocated,

4

the Third Circuit found that "the ultimate determination of when and what constituted a relocation of the chief executive offices of a corporation[] is a conclusion of law or, at least, a mixed question of law and fact." Mellon Bank, 945 F.2d at 641-42 (citation omitted). Similarly, the bankruptcy court's determinations of the direct or derivative nature of appellants' asserted claims were at least mixed questions of law and fact, justifying the exercise of plenary review. The only factual evidence on which the bankruptcy court based its conclusions were the allegations found in appellants' complaint in the Oklahoma litigation. (See D.I. 1-1 at 12-13) This court found that the bankruptcy court did not properly consider, or take into account, all of appellants' allegations, such as allegations that Kivisto made fraudulent and negligent misrepresentations to them personally or that Kivisto owed them a distinct fiduciary duty, under Oklahoma law, due in part to the length and nature of Kivisto's relationship with them.[3] (See D.I. 20 at 12-14) In that regard, the court reversed and remanded for further proceedings consistent with the memorandum order.

8. Therefore, the court is not persuaded that a motion for rehearing is necessary to correct manifest errors of law or fact. Kivisto has failed to demonstrate any of the grounds to warrant a rehearing of the court's November 15, 2012 memorandum order. Kivisto merely reasserts arguments that were already made in his briefing on appeal and that the court considered in its memorandum order. (See D.I. 17 at 8-10, 12-15; D.I. 20)

---

[3]The court notes that its memorandum order does not preclude the possibility that some of appellants' allegations against Kivisto do indeed constitute derivative claims.

5

9. **Conclusion.** For the reasons discussed above, Kivisto's motion (D.I. 21) is denied.

```
                                        _____
                                            United States District Judge
```